The judgment of the court was pronounced by
Rost, J.
The syndic of the creditors of the succession of E. L. Briggs, having filed a final tableau of distribution, the plaintiff, as administrator of the estate of Alexander Grimball, filed the petition in this case as an opposition to said tableau. He asks that the succession he represents be placed thereon as a judgment and mortgaged creditor for the sum of $4000 besides interest. This judgment against Briggs was rendered upon a note subscribed by him and one McNeely in solido, for a tract of land purchased by McNeely from Alexander Grimball.
The defence set up against this opposition is, 1st. that Alexander Grimball had not, and consequently could not give a valid title to a large portion of the land sold to McNeely, and that the want of title was not discovered by McNeely or Briggs until after the judgment had been rendered against them for the price; 2d, that McNeely and Briggs have been released from this judgment by all the heirs of age of Grimball, after a tacit and unconditional acceptance on their part of the succession of their relative. John Paul, one of the heirs, was a minor and did not sign the release.
The defendant in his answer also prayed, that the heirs of Alexander Grim-bull might he called in warranty, and for such a judgment against them as might *626 be rendered in favor of the plaintiff against him. Theheirs of Grimhall answered, denying their liability as warrantors or otherwise.
The district court sustained in part the plaintiff’s claim, and ordered the succession of Alexander Grimhall to be placed on the tableau as a creditor for the sum of §1630 90 besides interest, with mortgage from the 8th of December, 1842, the date of the recording of the judgment. The court further ordered, that if the aggregate of the debts of the estate of Grimhall should be less than the amount of the judgment and interest, and the share of John Paul Grimhall, the minor heir who did not sign the release, on payment of the debts and of that share, the judgment should be deemed fully satisfied. The call in warranty was dismissed at the cost of the defendant. From this judgment the defendant has appealed against both plaintiff and warrantor.
The want of title in Alexander Grimhall to a large portion of the land sold to McNeely, and the fact that the defect in the tide was discovered after judgment had been obtained against the purchasers for the price, are satisfactorily , established; but it is also proved, that the portion to which the vendor had a good title was seized and sold under execution as the property of McNeely, and passed to the purchaser free from incumbrance, Grimhall having retained neither privilege nor mortgage upon it. After the sale, McNeely being no longer able to return the land, neither he nor his surety could have claimed a rescission of the contract. The only remedy was for a diminution of the price. We understand this to be the relief asked by the defendant, and the district court has granted it fully by reducing the original debt of §4000 to $1630 90. A claim for the diminution of the price cannot, of course, give rise to the action of warranty, which the law gives to the purchaser against the vendor in case of eviction. In the action quanti minoris, it is the vendor who is evicted from a portion of the price, and the purchaser receives the full consideration of what he is made to pay.
If the responsibility of the heirs of Grimhall arose from the subsequent release which some of them gave the defendant, it does not give rise to an action of warranty, and should be ascertained in a separate suit.
The judgment against Briggs and McNeely for §4000 was obtained by the present plaintiff in his representative capacity, and the only question left for our consideration is, whether that judgment could be released by the heir's of Alexander Grimhall, without the consent or knowledge of the administrator while the administration continued. It is urged that it could be; because at the date of the release there were no creditors of the succession of Grimhall, and that the debts which now appear against it are expenses of administration subsequently incurred without necessity or advantage to the succession.
The only evidence before us on this part of the case is the account filed by the plaintiff, and homologated by a judgment of court, showing debts due by the succession to the amount of $858 75. So long as this judgment stands unappealed from and unreversed, it is prima facie in evidence of indebtedness. We must consider it proved, therefore, that there are debts due by the succession of Grimhall. To the extent of those debts it is clear thatthe release relied on by the defendant cannot avail him. The judgment having been obtained against Briggs by the present administrator, he knew that it must still be in his possession and under his control, unless it had been transferred to the heirs; and as he made no enquiry, and no such transfer ever took place, he cannot be considered in good faith, and the release thus obtained did not affect the right of tire administrator to recover the amount due, so far as it may be necessary to pay *627 the debts of the succession and the share of the minor heir, who, not being liable to the defendant as warrantor, and never having released him, is clearly entitled to recover.
"We are of opinion, that there is no error in the judgment appealed from; and it is the opinion of the court that it be affirmed.
Judgment affirmed, with costs.